FOR PUBLICATION

```
DISTRICT COURT OF THE VIRGIN ISLANDS
   DIVISION OF ST. THOMAS AND ST. JOHN
            APPELLATE DIVISION
```

```
PIOTR HUMIENNY,                    )
                                   )
            Appellant,             )
                                   )
       v.                          ) D.C. Crim. App. No. 2006-38
                                   ) Super. Ct. No. 52/06
GOVERNMENT OF THE VIRGIN ISLANDS,  )
                                   )
            Appellee.              )
                                   )
```

On Appeal from the Superior Court of the Virgin Islands,
the Honorable Rhys S. Hodge presiding.

Considered: March 5, 2010
Filed: February 3, 2015

BEFORE: **CURTIS V. GÓMEZ**, Chief Judge of the District Court of the Virgin Islands; **RAYMOND L. FINCH**, Judge of the District Court of the Virgin Islands.[1]

ATTORNEYS:

Samuel L. Joseph, Esq.
St. Thomas, VI
        *For the Appellant.*

Brenda Scales, AAG
St. Thomas, VI
        *For the Appellee.*

```
              MEMORANDUM OPINION
```

---

[1] While Judge Julio A. Brady, of the Superior Court of the Virgin Islands, sat on the panel that considered this matter, he retired before the decision was issued.

Case: 3:06-cr-00038-CRA-GWB Document #: 19 Filed: 02/03/15 Page 2 of 9

*Humienny v. Government of the Virgin Islands*
Crim. App. No. 2006-38
Memorandum Opinion
Page 2

**PER CURIAM,**

Piotr Humienny appeals his conviction in the Superior Court of the Virgin Islands for aggravated assault. For the reasons stated below, the Court will vacate Humienny's conviction for aggravated assault.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In February, 2006, Humienny was employed as a crew-member on the yacht Extacy. In the early morning hours of February 5, 2006, Humienny and a number of his fellow crew-members visited the Stereo nightclub located in the Frenchtown neighborhood in St. Thomas.

At or about the same time that Humienny was at Stereo, Angelica Garzon a/k/a Angelica Graceson ("Garzon"), and two other women, identified in the record only by the first names Aricella and Jackie, were also there. *Id.* While at the club, Jackie became intoxicated. *Id.* at 93. Humienny and Jackie began dancing together and kissing one another. Eventually, Humienny sat down, and Jackie sat on his lap. At that point, Garzon approached and informed Jackie that Garzon and Aricella were leaving, and that they were not leaving Jackie with Humienny. *Id.* Jackie indicated that she wished to stay with Humienny. Garzon and Aricella both insisted that they were not going to leave Jackie with Humienny due to Jackie's inebriated state. *Id.* at 94.

Case: 3:06-cr-00038-CRA-GWB   Document #: 19   Filed: 02/03/15   Page 3 of 9

*Humienny v. Government of the Virgin Islands*
Crim. App. No. 2006-38
Memorandum Opinion
Page 3

In the parking lot outside the club, Aricella offered to give Jackie's phone number to Humienny. Garzon told Aricella to give Humienny a false number. *Id.* Humienny began heatedly arguing with Garzon, and referred to her as a bitch. Garzon raised her middle finger to Humienny, at which point he struck Garzon with his fist. Garzon fell into the door of a car, injuring her shoulder or arm. *Id.*

Humienny was charged with one count of aggravated assault and battery in violation of Title 14, Section 298(5) of the Virgin Islands Code ("Section 298(5)"). *Id.* at 9. After a bench trial, the Court found Humienny guilty. *Id.* at 2-5. Humienny was sentenced to a period of thirty days incarceration, all of which was suspended, and placed on unsupervised probation for thirty days. The Court also imposed a fine of $200, court costs of $75, and restitution in the amount of $491.75. *Id.* at 7-8. On June 14, 2006, Humienny filed a notice of appeal.

Humienny's attorney moved to withdraw on the ground that the appeal was without merit. She filed a brief (the "*Anders* brief") in accordance with *Anders v. California*, 386 U.S. 738, 87 (1967), to which the appellant did not respond. On January 9, 2008, Magistrate Judge Geoffrey Barnard denied counsel's motion to withdraw.

*Humienny v. Government of the Virgin Islands*
Crim. App. No. 2006-38
Memorandum Opinion
Page 4

## II. DISCUSSION

### A. Jurisdiction

This Court has jurisdiction to review judgments and orders of the Superior Court in criminal cases. *See* Revised Organic Act § 23A, 48 U.S.C. § 1613a; Act No. 6687 § 4 (2004).

### B. Reversible Error under *Anders v. California*

When an indigent defendant's attorney seeks to withdraw from an appeal, the reviewing court must examine the proceedings to determine whether an appeal is wholly frivolous. *See Anders*, 386 U.S. at 744, 87 S.Ct. 1396. We have held that attorneys practicing before this court must submit an *Anders* brief when seeking to withdraw as counsel for indigent criminal appellants. *See Maddox v. Gov't of the V.I.*, 121 F. Supp. 2d 457, 460 (D.V.I. 2000).

In her *Anders* brief Humienny's attorney identified the following arguable colorable issue on appeal: whether sufficient evidence exists to sustain Humienny's conviction.

### C. Insufficiency of the Evidence

When reviewing a sufficiency of the evidence claim, we apply a deferential standard of review. *United States v. Dent*, 149 F.3d 180, 187 (3d Cir. 1998). We will review the evidence in the light most favorable to the government and will affirm if "any rational trier of fact could have found the essential elements of the crime

Case: 3:06-cr-00038-CRA-GWB Document #: 19 Filed: 02/03/15 Page 5 of 9

*Humienny v. Government of the Virgin Islands*
Crim. App. No. 2006-38
Memorandum Opinion
Page 5

beyond a reasonable doubt." *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)) (internal quotation marks omitted).

A defendant challenging the sufficiency of the evidence bears a heavy burden. *United States v. Navarro*, 145 F. 3d 580, 592 (3d Cir. 1998); *United States v. Carr*, 25 F.3d 1194, 1201 (3d Cir.), cert. den. 513 U.S. 1086 (1995). He must prove that, even when the evidence, both direct and circumstantial, is viewed in the light most favorable to the verdict, and even when the government is given the benefit of all inferences which can be drawn from it, no rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt. *United States v. Palmas-Ruedas*, 121 F. 3d 841, 855 (3d Cir. 1997), cert. den. 522 U.S. 1142 (1998); *Jackson v. Byrd*, 105 F.3d 145, 147 (3d Cir.), cert. den. 520 U.S. 1268 (1997). In making this determination, circumstantial evidence is considered to be just as probative as direct. *Virgin Islands v. Williams*, 739 F.2d 936, 940 (3d Cir. 1984). When determining the sufficiency of the evidence, the government is given the benefit of all reasonable inferences that can be drawn from the evidence. *Jackson v. Byrd*, 105 F.3d 145, 147 (3d Cir. 1997). A finding of guilt may be based solely on circumstantial evidence. *United States v. Hamilton*, 457 F.2d 95, 98 (3d Cir. 1972). This is particularly so when proving the element of intent. *United States v. Lawrence*, 349 F.3d 109, 120 (3d Cir. 2003) ("circumstantial evidence is usually the only possible proof of the [defendant's] mental processes. . .").

Case: 3:06-cr-00038-CRA-GWB Document #: 19 Filed: 02/03/15 Page 6 of 9

*Humienny v. Government of the Virgin Islands*
Crim. App. No. 2006-38
Memorandum Opinion
Page 6

### III. ANALYSIS

Humienny's counsel indicates that there is a colorable argument that the evidence at trial was not sufficient to convict Humienny of the crime of aggravated assault under Title 14, Section 298(5) of the Virgin Islands Code ("Section 298(5)"). Title 14 of the Virgin Islands Code, Section 298(5) states, in pertinent part that

> Whoever commits an assault and battery . . . being an adult male, upon the person of a female or child, or being an adult female, upon the person of a child . . .shall be fined not more than $500 or imprisoned not more than 1 year, or both[.]

V.I. CODE ANN., tit. 14, § 298(5) ("Section 298(5)). Section 298(5), by its terms, escalates simple assault and battery to an aggravated assault and battery where the assault and battery is perpetrated by an adult male against an adult female. V.I. CODE ANN., tit. 14, § 298(5); *Simmonds v. Virgin Islands*, 55 V.I. 1069, 2011 WL 3290200, at *2 (D.V.I. App. Div. July 29, 2011). "The statute does not, however, graduate simple assault to aggravated assault when an adult male perpetrates the offense against another adult male or if an adult female perpetrates the offense against another adult female." Simmonds, 2011 WL 3290200, at *2; see V.I. CODE ANN., tit. 14, § 298(5). As such, men and women are treated differently under the statute.

Before reaching the issue as to whether there was sufficient evidence that Section 298(5), as written, was violated, we feel we

Humienny v. Government of the Virgin Islands
Crim. App. No. 2006-38
Memorandum Opinion
Page 7

must first address the validity of Section 298(5).[2] This Court has previously found that Section 298(5) violates the Equal Protection Clause of the Fourteenth Amendment. *See generally Charleswell v. Virgin Islands*, Crim. App. No. 2006-28 (D.V.I. App. Div. 2013). A finding that a statute is unconstitutional makes that statute void ab initio. *See, e.g., Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). It is as though the statute was never passed. *Id.*

The sub-section under which Humienny was convicted for aggravated assault was, in essence, never a valid law. *See id.* Because Section 298(5) is unconstitutional, we will vacate Humienny's judgment of conviction and sentence with regard to that sub-section.

Where a conviction of aggravated assault and battery is vacated by a court, on the basis that the aggravating factor is unconstitutional, Virgin Islands courts have turned to the lesser-included offense of simple assault and battery. *See e.g., Charleswell*, Crim. App. No. 2006-28 (D.V.I. App. Div. 2013); *People v. McGowen*, 56 V.I. 3, 2012 WL 219406, at *10 (Super. Ct. Jan. 11,

---

[2] Neither Humienny nor the Government has raised this issue below or on appeal. Typically, appellate courts will not *sua sponte* raise non-jurisdictional issues. *See, e.g., Schlesinger v. Councilman*, 420 U.S. 738, 743 (1975) (stating that the Supreme Court of the United States does not normally consider questions not raised below or in the petition). An exception to this usual practice does exist where the issues in the case are sufficiently important to raise them *sua sponte*. *See id.* ("[A]lthough normally we do not consider questions raised neither below nor in the petition, the jurisdictional and equity issues necessarily implicit in this case seemed sufficiently important to raise them sua sponte."); *Izquierdo Prieto v. Mercado Rosa*, 894 F.2d 467, 471 n. 4 (1st Cir. 1990) (addressing an equal protection argument not made below or on appeal); *see also Brown v. Fauver*, 819 F.2d 395, 398 (3d Cir. 1987) (deciding the issue of exhaustion where the parties failed to raise it because the Court's interest in minimizing conflict with the state courts was important enough to raise it *sua sponte*). The question of whether Section 298(5) continues to be valid is such an issue.

Case: 3:06-cr-00038-CRA-GWB Document #: 19 Filed: 02/03/15 Page 8 of 9

*Humienny v. Government of the Virgin Islands*
Crim. App. No. 2006-38
Memorandum Opinion
Page 8

2012). Assault and battery is defined by the Virgin Islands Code as the use of unlawful violence with the intent to injure. V.I. CODE ANN., tit. 14, § 292.

Garzon's testimony alone reasonably could have convinced the finder of fact to convict Humienny. *See Lewis v. Virgin Islands*, 42 V.I. 175, 77 F. Supp. 2d 681, 684 (D.V.I. App. Div. 1999) (noting that the "uncorroborated testimony of a victim . . . is sufficient evidence for conviction") (quoting *Government of the Virgin Islands v. Peets*, Crim. No. 82-11, slip. op. (D.V.I. Oct. 29, 1982)). Garzon's testimony, however, was corroborated by photographic evidence indicating that she sustained injuries consistent with the prosecution's theory of the case. Jt. App. at 25-26. The altercation between Humienny and Garzon provided a context in which the Superior Court reasonably inferred intent. *Government of the Virgin Islands v. Frett*, 14 V.I. 315, 324 (V.I. Terr. Ct. 1978) (reasoning that "[o]rdinarily intent is a question of fact. It may be inferred from the facts and circumstances surrounding the act, the situation of the parties, the nature and extent of the violence, the acts and declarations of the parties at the time, and the objects to be accomplished."). As such, Humienny's conviction for assault is sufficiently supported by evidence adduced at trial.

Therefore, we will remand for the Superior Court to impose a judgment of conviction and sentence that reflects the lesser-included offense of simple assault and battery, unattended

Case: 3:06-cr-00038-CRA-GWB   Document #: 19   Filed: 02/03/15   Page 9 of 9

*Humienny v. Government of the Virgin Islands*
Crim. App. No. 2006-38
Memorandum Opinion
Page 9

by any circumstance of aggravation. *See, e.g., McGowan*, 2012 WL 219406, at *10 (striking down the gender-based aggravating factor and reducing the count by operation of law to simple assault and battery).

## IV. CONCLUSION

For the reasons stated above, the Court will vacate the conviction and sentence imposed and remand this case to the Superior Court with instructions to impose a conviction and sentence that reflect the lesser-included offense of simple assault and battery, unattended by any circumstance of aggravation. An appropriate judgment follows.